IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEAREL GIBSON,

        Plaintiff,                               No. CIV S-09-2388 DAD P

    vs.

R. K. WONG, et al.,                         ORDER AND

        Defendants.                     FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On February 8, 2010, defendants moved for partial dismissal of plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6).[1] Plaintiff has opposed the motion.[2] For the reasons set forth below, the court will recommend that defendants' motion for partial dismissal be granted.

---

    [1] Defendants also moved to dismiss defendants Haviland and Sisto from this action. However, on May 17, 2010, plaintiff voluntarily requested that these two defendants be dismissed. (Doc. No. 23.) Plaintiff's request was granted on May 27, 2010. (Doc. No. 24.) Accordingly, defendants' motion to dismiss defendants Sisto and Haviland has been rendered moot.

    [2] On March 23, 2010, the court issued an order to show cause requiring plaintiff to respond to the pending motion or explain his failure to do so. (Doc. No. 18.) On May 24, 2010, plaintiff filed a "Motion to Proceed." (Doc. No. 24.) The court has construed this document to be plaintiff's opposition to the pending motion.

1

**BACKGROUND**

Plaintiff is proceeding on his original complaint against defendants Wong, Peck, and Fox wherein he alleges as follows. On December 4, 2008, plaintiff brought to the attention of defendants Wong and Fox that the cells in administrative segregation were too cold. Specifically, plaintiff complained that the cell vents were expelling "ice cold air 24 hours a day." Defendants Wong and Fox dismissed plaintiff's complaint, stating that there was nothing wrong with the air temperature. When plaintiff later protested to him, defendant Peck similarly ignored plaintiff's concerns. (Compl. at 3-4, 6-7.)

That same day, plaintiff also complained to defendants Wong and Fox that the cell windows in administrative segregation were covered by opaque plexiglass. It had been plaintiff's belief that the decision in Madrid v. Gomez, 889 F. Supp. 1146 (N.D. Cal. 1995) required cell windows to be transparent, allowing prisoners to look outside. When plaintiff asked defendants whether they were familiar with that decision, defendant Fox responded, "We make our own policies around here." Thereafter, neither defendant Wong nor Fox took any remedial action. (Compl. at 5-6.)

Plaintiff claims that the conditions of his confinement, namely the ventilation of cold air in his cell and the lack of a cell window with an outside view, violate his constitutional rights under: (1) the Equal Protection Clause of the Fourteenth Amendment; (2) the Due Process Clause of the Fourteenth Amendment; and (3) the Cruel and Unusual Punishment Clause of the Eighth Amendment. Plaintiff also alleges two state law claims for "inhumanity to prisoners" and "criminal conspiracy." See Cal. Penal Code §§ 147 & 182. In terms of relief, plaintiff seeks injunctive relief and monetary damages. (Compl. at 7-12.)

**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

I. Defendants' Motion

Defendants argue that plaintiff's complaint should proceed only on his claim that the ventilation of his cell with cold air violated his rights under the Eighth Amendment .

According to defendants, plaintiff's other constitutional claims should be dismissed for failure to state a cognizable claim. (Def.'s Mot. to Dismiss at 2.)

Regarding plaintiff's Fourteenth Amendment claims, defendants contend that plaintiff has failed to allege any facts supporting either an equal protection or a procedural due process claim. Moreover, to the extent that plaintiff presents a substantive due process claim in his complaint, defendants explain that plaintiff's claims are properly analyzed under the Eighth Amendment and not under the Fourteenth Amendment. (Def.'s Mot. to Dismiss at 5-6.)

Defendants also argue that plaintiff does not have a constitutional right under the Eighth Amendment to a cell window with an outdoor view. Defendants explain that <u>Madrid v. Gomez</u>, the case which serves as the basis for plaintiff's claim in this regard, is distinguishable from the present case. According to defendants, the court in <u>Madrid</u> found that the conditions at Pelican Bay State Prison, as a whole, violated the Eighth Amendment. Defendants emphasize that the court in the <u>Madrid</u> case did not hold that a cell lacking a window with an outdoor view, in of itself, constitutes cruel and unusual punishment. (Def.'s Mot. to Dismiss at 9-10.)

II. <u>Plaintiff's Opposition</u>

In his opposition to the pending motion to dismiss, plaintiff largely reiterates the allegations that he makes in his complaint. Specifically, plaintiff argues that defendants Wong, Peck, and Fox knew about the frigid conditions in his and other prison cells and failed to take any corrective action. Plaintiff also argues that the defendants understood that cells were required to have windows with outside views. However, according to plaintiff, defendants did nothing to fix these problems because defendants sought to punish both him and the other inmates. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 1-8.)

**ANALYSIS**

I. <u>Legal Standards Applicable to a Motion to Dismiss Pursuant to Rule 12(b)(6)</u>

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. <u>North Star Int'l v. Arizona Corp. Comm'n</u>, 720

F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

/////

/////

/////

II. Discussion

    A. <u>Fourteenth Amendment – Equal Protection</u>

The Equal Protection Clause "is essentially a direction that all persons similarly situated be treated alike." <u>City of Cleburne, Tex. v. Cleburne Living Center</u>, 473 U.S. 432, 439 (1985). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686-87 (9th Cir. 2001) (quoting <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998)).

Here, plaintiff does not allege facts susceptible of an inference that defendants have discriminated against him on the basis of race, religion, or any other suspect classification. Rather, plaintiff merely alleges that he has been treated differently based upon his status as an inmate in administrate segregation. Such a classification, which is not based upon suspect lines, "is accorded a strong presumption of validity." <u>Heller v. Doe</u>, 509 U.S. 312, 319 (1993). Moreover, plaintiff has failed to allege facts tending to rebut this strong presumption of validity nor has plaintiff alleged facts showing that the allegedly disparate treatment did not rationally serve a legitimate state purpose. <u>See</u> <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000). Accordingly, the court recommends that plaintiff's equal protection claim be dismissed. <u>See</u> <u>Barren</u>, 152 F.3d at 1194-95 (dismissing plaintiff's equal protection claim when he failed to allege membership in a protected class); <u>see</u> also <u>Ortega v. Pimental</u>, No. CIV S-07-1978-LEW-CMK P, 2008 WL 149979, at *2 (E.D. Cal. Jan. 14, 2008) (dismissing for failure to state a claim plaintiff's equal protection claim based on his administrative segregation classification).

    B. <u>Fourteenth Amendment – Due Process</u>

Plaintiff has similarly failed to allege any facts demonstrating a cognizable due process claim. A plaintiff alleging a procedural due process violation must demonstrate that: (1) he was deprived of a liberty or property interest protected by the Due Process Clause of the

Fourteenth Amendment; and (2) the procedures attendant upon plaintiff's deprivation were constitutionally deficient. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002). In this case, plaintiff does not contest his actual placement in administrative segregation. Nor does he allege any facts that suggest that he was denied process in connection with that classification. Plaintiff's due process claim should therefore be dismissed. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

Moreover, to the extent that plaintiff alleges a substantive due process claim, the court agrees with defendants that such a claim is to be assessed under Eighth Amendment standards. Where a particular Amendment of the U.S. Constitution provides the explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, "not the mere generalized notion of substantive due process, must be the guide for analyzing [those] claims." Graham v. Connor, 490 U.S. 386, 395 (1989); Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations omitted). Here, the clear thrust of plaintiff's allegations is that defendants have been deliberately indifferent to the allegedly harsh living conditions he is subjected to in administrative segregation. Such claims fall squarely within the Cruel and Unusual Punishments Clause of the Eighth Amendment. See Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) ("The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.") (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). Accordingly, the Eighth Amendment, and not the Due Process Clause of the Fourteenth Amendment, governs plaintiff's claims.

    C. <u>Eighth Amendment</u>

As mentioned above, plaintiff's complaint asserts two Eighth Amendment claims regarding the conditions of his confinement in administrative segregation: one claim challenges

the ventilation of the area with cold air, while the other claim is based upon the lack of cell windows with views of the outside. In the pending motion defendants seek only the dismissal of plaintiff's claim pertaining to the lack of cell windows with outside views as failing to state a cognizable Eighth Amendment claim.

"To sustain an Eighth Amendment claim, a plaintiff must prove a denial of 'the minimal civilized measure of life's necessities.'" Kennan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). In this regard, "prison officials have a duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citing Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). Moreover, "the circumstances, nature, and duration" of any deprivation must be considered. Id. "The more basic the need, the shorter the time it can be withheld." Hopowit, 682 F.2d at 1259.

In addition, a prisoner challenging the conditions of his confinement must show that prison officials acted with "deliberate indifference." Wilson v. Seiter, 501 U.S. 294, 303 (1991). A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to [an inmate's] health or safety." Farmer, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Here, the court finds that plaintiff's allegation that his cell lacks a window with an outside view fails to state a cognizable claim under the Eighth Amendment. In his complaint, plaintiff does not allege facts demonstrating that he is being seriously harmed by his cell's lack of a window with an outside view. For example, he does not allege that the opaque, plexiglass windows completely block sunlight from entering his cell. See Baumann v. Ariz. Dep't of Corr., 754 F.2d 841, 846 (9th Cir. 1985) (sensory deprivation might constitute an Eighth Amendment violation). Nor does he allege that he is otherwise confined in complete isolation without any outdoor access. See Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005) (stating that

outdoor access and exercise is a basic human necessity). Rather, plaintiff merely alleges in his complaint is that he and others are unable to see through their cell windows. Such discomforts, however, are inherent to confinement; are not deprivations of life's necessities; and therefore do not rise to the level of a constitutional violation. See e.g., Jayne v. Bosenko, No. 2:01-cv-02767 MSB, 2009 WL 4281995, at *8 (E.D. Cal. Nov. 23, 2009) (Berzon, C.J.) (dismissing for failure to state a claim plaintiff's Eighth Amendment claim based upon allegation that the windows of his jail cell were covered preventing natural sunlight from entering).

Plaintiff's reliance on the decision in Madrid v. Gomez, 889 F. Supp. 1146 (N.D. Cal. 1995) is misplaced. In Madrid, the district court did not rule that prisoners are entitled under the Eighth Amendment to a window with an outside view. Rather, the district court found that an Eighth Amendment violation exists when the mentally ill, persons with brain damage or mental retardation, or persons with a history of psychiatric problems are confined in conditions of "extreme social isolation." 889 F. Supp. at 1264-65. In contrast, in his complaint plaintiff fails to allege any facts indicating that he suffers from a history of mental illness or is particularly susceptible to psychiatric problems. Nor does plaintiff allege facts suggesting that the lack of an outside view from his cell will lead to a serious mental injury in the future. See id. at 1264. Accordingly, plaintiff's Eighth Amendment claim based upon the lack of cell windows providing a view of the outdoors should be dismissed.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The court's March 23, 2010 order to show cause (Doc. No. 18) is discharged; and

2. The Clerk of Court is directed to randomly assign a United States District Judge to this action.

/////

/////

Also, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Defendants' February 8, 2010 motion for partial dismissal of plaintiff's claims (Doc. No. 17) be granted; and

2. This action be allowed to proceed against defendants Wong, Fox, and Peck on plaintiff's Eighth Amendment claim that his administrative segregation cell was ventilated with "ice cold air."

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 10, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
gibs2388.56