IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEAREL GIBSON,

        Plaintiff,                No. 2:09-cv-2388 GEB DAD (PC)

   vs.

R. K. WONG, et al.,             <u>ORDER AND</u>

        Defendants.        <u>FINDINGS & RECOMMENDATIONS</u>

                         /

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding plaintiff's claim, raised in his original complaint, that defendants Wong, Peck and Fox violated his rights under the Eighth Amendment by ventilating his cell in administrative segregation with "ice cold air." Order and Findings and Recommendations filed June 11, 2010, at 9. This matter is before the court on defendants'

/////
/////
/////
/////
/////
/////

1

motion for summary judgment.[1]

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
>
> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

---

[1] Defendants' motion for summary judgment was filed on February 8, 2011. Plaintiff did not timely file an opposition to the motion. By order filed March 10, 2011, plaintiff filed was ordered to file his opposition, if any, to defendants' motion within twenty-one days. On March 21, 2011, plaintiff filed a document styled "Motion for Injunction to Proceed to Trial or Settle, and Pitchess Motion for Officer's Background." It is not entirely clear whether plaintiff intended this document to be considered as his opposition to the pending motion for summary judgment. The documents filed by plaintiff appears to be a discovery motion and a request to proceed to trial. However, discovery closed in this action on November 19, 2010. See Discovery and Scheduling Order filed July 29, 2010, at 6. Accordingly, plaintiff's discovery motion will be denied.

1   If the moving party meets its initial responsibility, the burden then shifts to the
opposing party to establish that a genuine issue as to any material fact actually does exist. See
Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to
establish the existence of this factual dispute, the opposing party may not rely upon the
allegations or denials of its pleadings but is required to tender evidence of specific facts in the
form of affidavits, and/or admissible discovery material, in support of its contention that the
dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party
must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
(1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party
need not establish a material issue of fact conclusively in its favor. It is sufficient that "the
claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary
judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings,
depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson,
477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the
court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587.
Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

produce a factual predicate from which the inference may be drawn. See <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

On October 26, 2009, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988).

ANALYSIS

I. <u>Undisputed Facts</u>[2]

At all times relevant to this action plaintiff was a state prisoner housed at California State Prison-Solano. Ex. A to Declaration of William J. Douglas, Deposition of Dearel Gibson (Pl.'s Dep.), 9:21-23. Plaintiff was held in Administrative Segregation Unit Building 10 (Building 10) at that institution from November 10, 2008 to January 16, 2009 and from February 7, 2009 to February 28, 2009. Pl's Dep. 13:20-15:5; Declaration of C. Pesci in Support of Defendants' Motion for Summary Judgment. From November 10, 2008 to January 16, 1009, plaintiff was housed in a cell by himself. Pl.'s Dep. 13:20-14:10. During that period, plaintiff had at least the following in his cell: a mattress, two sheets, two wool blankets, tennis shoes, two towels, a jumpsuit, three pairs of socks, three boxer briefs, and three t-shirts. Pl.s' Dep. 27:2-33:25; 51:14-52:14. Plaintiff also had hot tap water in his cell and received three meals a day. (<u>Id.</u>)

---

[2] All of these undisputed facts are tendered by defendants. Plaintiff has tendered no evidence in opposition to defendants' motion, and his complaint is not signed under penalty of perjury, so it cannot serve as an affidavit in opposition to the motion. Cf. <u>Schroeder v. McDonald</u>, 55 F.3d 454, 460 (9th Cir. 1995) (verified complaint based on personal knowledge of admissible evidence can constitute an affidavit in opposition to motion for summary judgment). Accordingly, the evidence tendered by defendants in support of their motion is undisputed.

4

In Building 10, the air is supplied to both cells and the dayroom from a central HVAC system comprised of three air handling units located on the roof of the building. Declaration of J. Beath in Support of Defendants' Motion for Summary Judgment, at ¶ 7. Because the same units supply heat and air conditioning to the cells and the dayroom, the temperatures in both the cells and the dayroom are substantially similar. Id. at ¶¶ 7-9.

On December 1, 2008, temperatures were recorded in Building 10 at 72 degrees and 69 degrees. Id. at ¶ 15. On December 23, 2008, the dayroom temperature was recorded at 72 degrees. Id. at ¶ 17.

During the period that plaintiff was housed in administrative segregation, several work orders were issued due to a lack of heat in Building 10. Id. *passim*. The first was issued on December 9, 2008. Id. at ¶ 16. On that day, a stationary engineer spent two hours investigating the problem of a lack of heat in Building 10 and found that the heating system appeared to be working. Id. On December 23, 2008, the same engineer spent six hours troubleshooting the heating system. Id. at ¶ 17. Again, no problem was discovered at that time. Id. On December 31, 2008, the same engineer spent three hours troubleshooting an apparent lack of heat in Building 10. Id. at ¶ 19. Once again, the engineer found that the system appeared to be working. Id. On January 5, 2009 and January 6, 2009, the same engineer spent one hour each day troubleshooting the heating system, which continued to appear to be working. Id. at ¶¶ 20-21.

On January 8, 2009, the engineer and another individual spent three hours troubleshooting and at that time determined that the three strainers for the heat-exchanger supply pipes were clogged with debris. Id. at ¶ 22. The next day, three individuals spent the entire day cleaning and flushing the system. Id. Troubleshooting was repeated for one hour each day on January 12, 2009 and January 14, 2009. Id. at ¶¶ 23-24. On January 16, 2009, the engineer again spent seven hours troubleshooting and cleaning the system. Id. at ¶ 25. On February 10 and 11, 2009, the engineer spent four hours each day troubleshooting and cleaning the strainers. Id. at ¶¶ 27-28. On February 17, 2009, the engineer spent two hours troubleshooting the heating system.

Id. at ¶ 29. At that time the system was found to be operating to specifications and the dayroom temperature was 74.1 degrees. Id. No further work orders were issued for the heating system in Building 10. Id.

Plaintiff testified at his deposition that he was in good health while housed in Building 10. Pl.'s Dep. 76:6-8. He further testified that his hand gets numb when it is cold because his hand had previously been broken, and that sometimes he couldn't sleep due to the cold, but otherwise he had suffered no problems attributable to the cold during that period. Pl.'s Dep. 76:8-77:21.

II. Legal Standards

Defendants seeks summary judgment on the grounds that (1) plaintiff was not housed in conditions that posed a substantial risk of serious harm to him; (2) defendants were not deliberately indifferent to the heating problems in Building 10 at CSP-Solano; and (3) the defendants are, in any event, entitled to qualified immunity.

Plaintiff's claim arises from the Eighth Amendment proscription against cruel and unusual punishment. To prevail on his claim, "plaintiff must prove a denial of 'the minimal civilized measure of life's necessities,' Rhodes v. Chapman, 452 U.S. 337, 347 (1981), occurring through 'deliberate indifference'" by defendants. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Wilson v. Seiter, 501 U.S. 294, 302-03 (1991). "The Eighth Amendment guarantees adequate heating." Keenan, 83 F.3d at 1091 (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). However, uncomfortable temperatures, without more, do not violate the Eighth Amendment. Id. Deliberate indifference is shown by proof that a defendant "'acted or failed to act despite his knowledge of a substantial risk of serious harm.'" Solis v. County of Los Angeles, 514 F.3d 946, 957 (9th Cir. 2008) (quoting Farmer v. Brennan, 511 U.S. 825, 841 (1994)).

Plaintiff's allegations against the defendants are that on December 4, 2008, plaintiff brought to the defendants' attention that "ice cold air" was being pumped through the

6

ventilation system into the administrative segregation unit in Building 10, and that defendants Wong and Fox responded that there was nothing wrong with the air, while defendant Peck responded that he didn't have time for the complaints. Complaint (Doc. No. 1) at 3-6.

The evidence before the court on summary judgment reflects that the lowest recorded temperature in Building 10 was that of 69 degrees on December 1, 2008, in the dayroom. Moreover, the undisputed evidence before the court is that the temperature in the cells of Building 10 would not have been more than two to three degrees lower than that. The evidence also establishes that plaintiff had clothing, two wool blankets, and two sheets in his cell for the entire relevant period of time. This court finds no evidence that the temperatures in Building 10 were more than uncomfortable or caused the conditions of plaintiff's confinement to fall below "the minimal civilized measure of life's necessities," Rhodes, 452 U.S. at 347, or that the temperatures in the Building where plaintiff was housed posed a substantial risk of serious harm to him.

The undisputed evidence also shows that the first work order on the heating system was issued five days after plaintiff alleges he first complained to defendants, on December 9, 2008, that an engineer worked for two hours that day troubleshooting the system, and that workers spent several more days in the months of December 2008 and January and February 2009, until the problem was diagnosed and fixed. As noted above, there is no evidence that the temperature in Building 10 during that process posed a substantial risk of serious harm to plaintiff. A fortiori, there is no evidence that any defendant in this action was deliberately indifferent to a substantial risk of harm to plaintiff.[3]

For the foregoing reasons, defendants' motion for summary judgment should be granted.

---

[3] As noted above, plaintiff's complaint is not signed under penalty of perjury and therefore does not serve as evidence in connection with the pending motion for summary judgment. Notwithstanding, there is no evidence that any delay in responding to plaintiff's complaint caused him to suffer cognizable harm.

7

On April 5, 2011, plaintiff filed a motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances. Accordingly, plaintiff's motion for appointment of counsel will be denied.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's March 21, 2011 discovery motion is denied;

2. Plaintiff's April 5, 2011 motion for appointment of counsel is denied; and

IT IS HEREBY RECOMMENDED that defendants' February 8, 2011 motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 5, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
gibs2388.msj